UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT FOWLER, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-06-CV-0855 OG (NN) |
| UNITED STATES OF AMERICA and | § | |
| SANDRA SANCHEZ, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**REGARDING JURISDICTION**

TO:   Hon. Orlando Garcia
      United States District Judge

This memorandum and recommendation addresses the motion to remand filed by plaintiff Robert Fowler.[1] I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a Magistrate Judge is statutorily constrained.[2] After considering the motion and the pleadings in this case, I recommend remanding this case to the 57th Judicial District Court, Bexar County, Texas.

**Nature of the Case**

Fowler filed this lawsuit in the 57th Judicial District Court, Bexar County, Texas, on December 18, 2002. Fowler alleged that defendant Sandra Sanchez made defamatory and slanderous statements about him. The allegations arose from a past romantic relationship between Fowler—at the time, a married Captain in the Air Force—and Sanchez—an Airman in

---

[1] Docket entry # 2.

[2] Docket entry # 3.

the Air Force. The relationship went bad and resulted in non-judicial punishment for Fowler and disciplinary action for Sanchez.

On July 11, 2005, Fowler filed his second amended complaint. That petition added Gerardo Gonzales as a defendant. Gonzales is a non-commissioned officer in the Air Force—he was the recruiter who enlisted Sanchez into the Air Force and was stationed at the same base as Fowler and Sanchez at the time of the events that led to this lawsuit. Gonzales reported to the Air Force Office of Special Investigations (OSI) that he saw Fowler physically assault Sanchez. In his second amended petition, Fowler alleged that Gonzales conspired with Sanchez to publish, or caused to be made public, statements about Fowler that Gonzales knew to be false to third parties.[3]

On May 8, 2006, Fowler filed his third amended complaint. In that complaint, Fowler alleged that Gonzales conspired with Sanchez in publishing, or causing to be published a false statement that Fowler assaulted Sanchez that he knew was false to third parties without justification or excuse.[4]

On October 3, 2006, the U.S. Attorney certified that Gonzales was, at all times with respect to the allegations made in Fowler's second amended complaint, an employee of the Air Force acting within the scope of his office or employment, and substituted the United States of America (the government) as defendant in place of Gonzales. The government then removed this lawsuit to this court.[5] Fowler timely filed the motion to remand that is before the district court.

---

[3] Docket entry # 2, exh. 2.

[4] Docket entry # 2, exh. 3.

[5] Docket entry # 1.

**The Standards Applicable to Removal and Remand in this Case**

The general removal statute—28 U.S.C. § 1441—permits a defendant to remove a "civil action brought in a State court" if the case is one in "which the district courts of the United States have original jurisdiction."[6] The district courts have original jurisdiction over "civil actions on claims against the United States, for money damages. . . for. . . personal injury. . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. . . ."[7] If the U.S. Attorney General certifies that a defendant government employee "was acting within the scope of his office or employment at the time of the incident out of which [a] claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed. . . by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending."[8] The government shall be substituted as the defendant in lieu of the individual government employee and the case will be treated as an action against the government.[9] Although the U.S. Attorney General's certification conclusively establishes the scope of employment for purposes of removal,[10] the district court may review the certification as to whether a particular federal employee was acting within the scope of his employment.[11] In a

---

[6]28 U.S.C. § 1441.

[7]28 U.S.C. § 1346(b)(1).

[8]28 U.S.C. § 2679(d)(2).

[9]*See id.*

[10]*See id.*

[11]*See Garcia v. United States*, 62 F.3d 126, 127 (5th Cir. 1995).

challenge to the government's certification, the plaintiff bears the burden of proving that the defendant's conduct was not within the scope of his employment.[12] In determining whether a federal employee was acting within the scope of his employment, the district court must apply the law of the state in which the employee's conduct occurred.[13]

### Whether this Case Should Be Remanded

This case is a relatively straight-forward state tort case. Although the residences of the parties suggest that diversity of citizenship may exist, the government did not remove this case based on diversity of citizenship. Instead, the government removed the case based on its certification that Gonzales was, at all times with respect to the allegations made in Fowler's second amended complaint, an employee of the Air Force acting within the scope of his office or employment, and the government's substitution as a defendant in this case.

Fowler challenges the government's removal on two grounds: First, Fowler contends that the removal was defective because it was based on his second amended petition rather than his live pleading—the third amended complaint. Second, Fowler contends that his allegations are not based on any action that Gonzales took while acting within the scope of his employment as a government employee. The latter argument challenges the government's certification of Gonzales's scope of employment. Because an improper certification would deprive the district court of subject matter jurisdiction in this case—without the government as a defendant, no subject matter jurisdiction exists—it is necessary to first determine whether Gonzales was acting within the scope of his employment.

---

[12]*See Williams v. United States*, 71 F.3d 502, 506 (5th Cir. 1995).

[13]*See Williams*, 71 F.3d at 505.

In its response to the motion to remand, the government relied on the statement Gonzales made to the OSI about an assault he purportedly observed.[14] In the statement, Gonzales stated that on August 8, 2001, he observed Fowler strike Sanchez in the back of the head with his arm.[15] The government asserted that Gonzales was required to provide this statement under Air Force regulations. According to the government, the assault served as grounds for non-judicial punishment in which Fowler was punished for unlawfully striking Sanchez.[16] Although allegations based on Gonzales's statement to the OSI are properly considered as having been made within the scope of Gonzales's employment, Fowler's cause of action against Gonzales is not based on that statement.

In his third amended complaint, Fowler alleged that Sanchez published false statements to her ex-boyfriend—Delfina Ariel de la Cruz, to her mother, and to friends—Sheree Seawright and Marty Pummel—that Fowler assaulted her. Fowler further asserted that Sanchez published false statements to de la Cruz, Seawright and Lt. Richard Pulido, that Fowler drugged her. Fowler also alleged that Sanchez published false statements to Gonzales, Seawright and de la Cruz, that Fowler extorted sexual favors from her.

Fowler, however, referred to only one statement in his allegations concerning Gonzales. Fowler alleged that Gonzales conspired with Sanchez in publishing, or causing to be published, a false statement that Fowler assaulted Sanchez. Fowler asserted that Gonzales is responsible for the acts of Sanchez done in furtherance of the conspiracy. Fowler did not attribute the

---

[14] Docket entry # 5, pp. 1-2.

[15] Docket entry # 5, exh. 2.

[16] Docket entry 5, exh. 3.

statement—that Fowler assaulted Sanchez—to Gonzales. Fowler's allegations do not identify the statement that Gonzales made to the OSI as the basis of Fowler's cause of action. Instead, the allegations rely on unspecified conduct made in furtherance of an alleged conspiracy between Sanchez and Gonzales. Notably, the petition does not allege that Gonzales made his statement to the OSI in furtherance of the alleged conspiracy with Sanchez. Thus, whether the government's certification was proper depends on whether the conduct alleged in the petition—unspecified conduct done in furtherance of a conspiracy, not to include making a statement to the OSI—was made within the scope of Gonzales's employment.

California law applies to determining whether the conduct made in furtherance of the alleged conspiracy was made within the scope of Gonzales's employment because the events that led to this lawsuit occurred while the parties were assigned to Travis Air Force Base in California. In California, "[w]hether an employee committed a tort during the course and scope of his employment depends on whether the act performed was required or incident to his duties or whether his conduct could be reasonably foreseen by the employer in any event."[17] Here, nothing suggests that conspiratorial conduct was required or incident to Gonzales's duties as a government employee or that the government could have reasonably foreseen the alleged conduct. Nothing suggests that the alleged conspiratorial conduct was done within the scope of Gonzales's employment. Fowler insisted in his reply to the government's response to his motion to remand that his cause of action against Gonzales "is not based on any statement he gave while in the course and scope of his employment, or any other statement that he made against Plaintiff

---

[17]*Avila v. Standard Oil Co.*, 167 Cal. App.3d 441, 447 (Cal. Ct. App. 4 Dist. 1985).

FOWLER, but on statements Defendant SANCHEZ made."[18]  Although Fowler did not identify the specific conspiratorial actions that form the basis of his cause of action against Gonzales, he did not identify the statement that Gonzales made to the OSI as forming the basis of his cause of action.  Whether Fowler can prevail in a cause of action against Gonzales without relying on Gonzales's statement to the OSI is doubtful, but that determination must be made in state court, not federal court.  The government's certification was improper because the conduct Fowler complains does not fall within the scope of Gonzales's employment.  The government is not a proper defendant in this case.  This case should be remanded to the 57th Judicial District Court, Bexar County, Texas.

### Recommendation

The government's certification was improper because the conduct that Fowler complains about does not fall within the scope of Gonzales's employment.  As a result, the government is not a proper defendant in this case.  Without the government, no subject matter jurisdiction exists.  Without subject matter jurisdiction, the district court need not address Fowler's argument that the removal was defective.  I recommend GRANTING Fowler's motion to remand (docket entry # 2) and REMANDING this case the 57th Judicial District Court, Bexar County, Texas.  If the district court accepts this recommendation, it can DENY the government's motion to dismiss (docket entry # 5) as moot.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this memorandum and recommendation on all parties by either (1) electronic transmittal to all parties represented by

---

[18]Docket entry # 7, p. 3.

attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[19] **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.** A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[20] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[21]

**SIGNED** on May 30, 2007.

*[signature: Nancy Stein Nowak]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[19] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

[20] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[21] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).