UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ROBERT FOWLER,** § | |
| § | |
| **Plaintiff,** § | |
| § | **CIVIL ACTION NO.** |
| v. § | |
| § | **SA-06-CV-0855 OG (NN)** |
| **SANDRA SANCHEZ and** § | |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **Defendants.** § | |

**MEMORANDUM AND RECOMMENDATION**
**REGARDING PLAINTIFF'S MOTION TO REMAND**

**TO: Hon. Orlando Garcia**
   **United States District Judge**

This memorandum and recommendation addresses the November 2, 2006 motion to remand filed by plaintiff Robert Fowler.[1] There is also pending the November 14, 2006 motion to dismiss or, in the alternative, motion for summary judgment, filed by defendant United States.[2] The latter motion will be addressed by a separate memorandum and recommendation. I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and the district court's November 7, 2006 order referring all pretrial matters to me for disposition by order to aid the district court by recommendation where my authority as a Magistrate Judge is statutorily constrained.[3] After considering the motion, pleadings and other papers in this case, I recommend denying the motion

---

[1] Docket Entry # 2.

[2] Docket Entry # 5.

[3] Docket Entry # 3.

1

to remand.

## Background

Plaintiff Robert Fowler filed this lawsuit against Defendant Sandra Sanchez in the 57th Judicial District Court, Bexar County, Texas on December 18, 2002, as Cause No. 2002-CI-17971.[4] In his original petition, Fowler alleged that Sanchez slandered him by accusing him of drugging, choking and sexually assaulting her. Original Petition, ¶¶ 4, 5. Thereafter, on July 11, 2005, Fowler filed a second amended original petition.[5] This pleading added Gerardo Gonzales as an additional party defendant and alleged that Gonzales conspired with Sanchez to publish, or cause to made public, these same statements about Fowler. Second Amended Original Petition, ¶ VII.

It appears that the genesis of the foregoing allegations is a past romantic relationship between Fowler--at the time of the events in question, a married Captain in the Air Force--and Sanchez--an Airman in the Air Force. The relationship went bad and resulted in non-judicial punishment for Fowler and disciplinary action for Sanchez. Gonzales is a non-commissioned officer in the Air Force--he was the recruiter who enlisted Sanchez into the Air Force and was stationed at the same base as Fowler and Sanchez at the time of the events that led to this lawsuit. Gonzales reported to the Air Force Office of Special Investigations (OSI) that he saw Fowler physically assault Sanchez. *See generally* United States' response to plaintiff's motion to remand, Docket Entry # 5, at 1-2, along with Exhibits 1-3 attached thereto.

---

[4] *See* original petition, Exhibit 1 to Defendant United States' notice of removal, Docket Entry # 1.

[5] *See* second amended original petition, Exhibit 2 to Defendant United States' notice of Removal, Docket Entry # 1.

On October 3, 2006, acting on behalf of defendant Gonzales, the United States removed Fowler's civil action from Bexar County District Court to this Court. Docket Entry # 1. The notice of removal stated that the removal was made "pursuant to 28 U.S.C. § 2679(d)(2) and the applicable provisions of 28 U.S.C. § 1441, *et seq.*"  Notice of Removal, at ¶ 3. The removal was accompanied by a notice of substitution and application for order thereon, which contained a certification by the Attorney General of the United States, acting through his designee in the local United States Attorney's Office, that Gonzales was "at all times with respect to the allegations made in Plaintiff's Second Amended Petition, an employee of the United States Air Force acting within the scope of his office or employment."[6] On November 9, 2006, pursuant to 28 U.S.C. § 1447(b), I directed the Government to file with the Clerk's Office copies of all records and proceedings in the underlying state court action (Docket Entry # 4), which the Government did on November 28, 2006. Docket Entry # 6. From the underlying state court record it became apparent that on May 8, 2006, Fowler had filed a superseding third amended original petition in the case.[7] In his third amended original petition, insofar as concerns defendant Gonzales, Fowler re-alleged virtually verbatim the allegations

---

[6] *See* Docket Entry # 10. It appears from the Court's records that the Government's notice of substitution and application for order thereon, while originally presented to the Clerk of Court on October 3, 2006 for filing along with the Government's notice of removal, and while file-stamped as received by the Clerk's Office on October 3, 2006, was never docketed as received by the Clerk's Office. When this error and/or omission became known to the Government following the May 30, 2007 entry by me of my original report and recommendation in this matter (Docket Entry # 8), the Government promptly, on June 5, 2007, re-filed its papers (*see* re-filing of notice of substitution and application for order thereon, Docket Entry # 10). The District Court thereupon entered an order substituting the United States for the individual federal employee Gonzales (Docket Entry # 11) and I vacated my original report and recommendation (*see* Docket Entry # 12) so as to address the merits of plaintiff's motion to remand with a complete procedural record, which I now have.

[7] Docket Entry # 2, Exhibit 3.

3

made in his second amended original petition that Gonzales conspired with Sanchez in publishing, or causing to be published a false statement that Fowler assaulted Sanchez that he knew was false to third parties without justification or excuse. *Compare* Second Amended Original Petition, ¶ VII *with* Third Amended Original Petition, ¶ VIII.

On November 2, 2006, Fowler filed the motion to remand that now serves as the subject of this report and recommendation. Docket Entry # 2. Fowler seeks remand for the sole reason that the Government's removal on behalf of defendant Gonzales was premised on the July 11, 2005 second amended original petition, rather than the superseding, May 8, 2006 third amended original petition. *See* Motion to Remand, at 2. On November 14, 2006, the Government filed its opposition to Fowler's remand motion (Docket Entry # 5), to which Fowler filed his reply on December 20, 2006. Docket Entry # 7. The motion for remand is ripe for disposition.

### The Standards Applicable to Removal and Remand in this Case

The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of the acts they undertake in the course of their official duties. *See* 28 U.S.C. § 2679(b)(1). When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." *Id.* §§ 2679(d)(1), (2). Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee. The litigation is thereafter governed by the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671, *et seq.* If the action commenced in state court, the case is to be removed to a federal district court, and the certification remains

"conclusive . . . for purposes of removal." *Id.* § 2679(d)(2).  Once certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court.  *Osborn v. Haley*, ___ U.S. ___, ____, 127 S.Ct. 881, 887-89 (2007).[8]

## Whether this Case Should Be Remanded

Fowler challenges the Government's removal as defective because the Government's notice of removal attached the July 11, 2005 second amended original petition rather than the superseding May 8, 2006 third amended original petition.  *See* Docket Entries ## 2, 7.[9]  In effect, Fowler argues that an error in the attachment of a state court pleading to a notice of removal filed under § 2679(d)(2) renders the removal ineffective and requires a remand of the action back to state court.  Fowler cites no authorities to support this proposition and the law in this Circuit is to the contrary.

Removal of a case is based on the contents of the state court pleadings at the time of removal and all papers filed in the cause in state court prior to the removal are properly a part of the record coming to the federal district court.  *Covington v. Indem. Ins. Co. of North America*, 251 F.2d 930,

---

[8] Although under § 2679(d)(2) the U.S. Attorney General's certification conclusively establishes the individual federal defendant's scope of employment for purposes of removal, the certification is not totally beyond district court review.  However, the United States must remain the federal defendant in the action unless and until the district court determines that the employee, *in fact*, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment.  *Osborn v. Haley*, *supra*, 127 S. Ct. at 888; *see also Garcia v. United States*, 62 F.3d 126, 127 (5th Cir. 1995).

[9] To the extent that Fowler's motion to remand might be read to be based, at least in part, on the theory that Gonzales's alleged actions arose outside the course and scope of his federal employment (*see* Docket Entry # 7, at 3-4), the Supreme Court in *Osborn* made it clear that such a claim does not affect the right of removal, but only whether a re-substitution of the individual federal employee in place of and/or in addition to the United States in the ongoing federal case might, at some future time, be appropriate.  *Osborn v. Haley*, *supra,* 127 S. Ct. at 888, 894.

933 (5th Cir. 1958) (citation omitted).  Thus, in *Covington*, the failure of the removing defendant to include with its removal papers a copy of a superseding, supplemental petition was held *not* to render the removal ineffective.  *Id.* at 932-33.  This is recognized to be the predominant view on the issue of whether a removal is fatally defective because of a failure to attach underlying state court papers. *See Yellow Transp., Inc. v. Apex Digital, Inc.*, 406 F.Supp.2d 1213, 1215 (D. Kan. 2005) (citing the Fifth Circuit's decision in *Covington*, *supra,* as the seminal case on the issue, and noting the cases collected in 14C Charles Alan Wright, et al, *Federal Practice & Procedure* § 3733, at 350-51 [3d ed. 1998]).

    In the instant case, of course, there was not an abject failure on the Government's part to attach any underlying state court pleadings; the Government attached to its notice of removal the second amended original petition that added the federal defendant, Gonzales, to the case.  Moreover, the Court has before it the third amended original petition that Fowler contends *should* have been attached to the Government's notice of removal, by virtue of both the Government having filed with the Clerk a copy of *all* the records and proceedings from the underlying state court action (*see* Docket Entry # 6), and its inclusion as an attachment to Fowler's motion to remand.  *See* Docket Entry # 2, Exhibit 3.  Significantly, the third amended original petition does not alter in any way the allegations made against Gonzales from those made in the second amended original petition.  *Compare* Second Amended Original Petition, ¶ VII *with* Third Amended Original Petition, ¶ VIII.  Finally, any defect in the removal procedure caused by the Government not attaching the third amended original petition to its notice of removal does not affect the district court's subject matter jurisdiction under 28 U.S.C. § 2679(d)(2), since under the Supreme Court's ruling in *Osborn*, *supra*, exclusive competence to adjudicate the case resides in the federal court upon the Attorney General's certification of scope of

employment. In sum, any defect in the Government not attaching the third amended original petition to its notice of removal in this case is, at best, inconsequential. *Compare Yellow Transp., Inc. v. Apex Digital, Inc.*, *supra*, 406 F.Supp.2d at 1218 (failure to attach state court summons to removal papers did not unduly burden the court or reflect the complete failure of the removing defendant to follow prescribed removal procedures; did not result in any prejudice to the plaintiff; and in and of itself was trivial).

**Recommendation**

Because the Attorney General's certification of Gonzales was conclusive as to federal jurisdiction, and because the failure of the Government to include among the attachments to its notice of removal a copy of the third amended original petition filed in the underlying state court action is not fatal to the removal under Fifth Circuit precedent, Fowler's motion to remand (Docket Entry # 2) should be DENIED. The Government's motion to dismiss or, in the alternative for summary judgment filed with its response to the motion to remand (Docket Entry # 5) will be the subject of a separate report and recommendation.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this memorandum and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[10] **Such party shall file the objections with the Clerk of the Court, and serve**

---

[10] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**the objections on all other parties and the Magistrate Judge.** A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[11] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[12]

**SIGNED** on June 28, 2007.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[11]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[12]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).