UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT FOWLER, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-06-CV-0855 OG (NN) |
| UNITED STATES OF AMERICA and | § | |
| SANDRA SANCHEZ, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND RECOMMENDATION
REGARDING DEFENDANT UNITED STATES' MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

TO: Hon. Orlando Garcia
    United States District Judge

This memorandum and recommendation addresses the November 14, 2006 motion to dismiss, or in the alternative, motion for summary judgment, filed by defendant United States of America.[1] On December 20, 2007, plaintiff Robert Fowler filed a response to the Government's motion[2] and it is now ripe for disposition. I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and the district court's November 7, 2006 order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a Magistrate Judge is statutorily constrained.[3] After considering the Government's motion and the plaintiff's

---

[1] Docket Entry # 5, at 5-7. The United States was substituted for the individual federal employee defendant Gerardo Gonzales under the provisions of 28 U.S.C. § 2679(d)(2), following application of the Government (Docket Entry # 10), by order of the District Court entered on June 6, 2007. Docket Entry # 11.

[2] Docket Entry # 7, at 3-4.

[3] Docket Entry # 3.

1

response, I recommend granting the motion to dismiss, or, in the alternative, for summary judgment. I also recommend remanding the balance of the case as against the sole, remaining state court defendant, Sandra Sanchez, back to the state court from which this case was originally removed by the United States.

**Background**

The factual and procedural background to this case is set forth in my previous, June 28, 2007, report and recommendation to the District Court. Docket Entry # 13. Defendant United States, which has been substituted as the party defendant for the individual federal employee defendant Gerardo Gonzales (*see* fn. 1 above), now seeks dismissal and/or summary judgment of this case against it on several grounds, including that plaintiff Robert Fowler has yet to file the requisite administrative claim required by 28 U.S.C. § 2675(a) for the maintenance of a tort claim against it; the plaintiff's claim is barred by the two (2) year statute of limitations found at 28 U.S.C. § 2401(b) for the presentation of such administrative claims; and the plaintiff's claim is precluded by the "intentional tort" exception to Governmental liability under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671, *et seq*. found at 28 U.S.C. § 2680(h). Docket Entry # 5, at 5-7. Fowler, in a one (1) paragraph response to the Government's motion, and without the benefit of citation to any legal authority whatsoever, not only does not contest the legal arguments in support of the Government's motion, but concedes that he has *not* submitted an administrative tort claim as required by 28 U.S.C. § 2675(a). Docket Entry # 7, at 3-4. What Fowler *does* argue is that he has no obligation to comply with the FTCA administrative claim requirement, since the actions about which he complains do not implicate the United States. Rather, Fowler maintains that his claim is only against Gonzales individually for "conspiring" with defendant Sandra Sanchez to defame him, and not for any defamation by Gonzales himself. Since Gonzales didn't

defame him, but rather, only conspired with Sanchez in *her* defaming him, Fowler reasons, the certification of scope of employment of Gonzales by the Attorney General, and substitution of the United States in his stead, has all been a mistake. *Id.* In effect, Fowler's only response to the Government's dispositive motion is to voice his disagreement with the Attorney General's certification of Gonzales as acting within the scope of his employment and the substitution of the United States into the lawsuit.

**The Standards Applicable to the Government's Motion**

The Government's motion to dismiss, or in the alternative, for summary judgment, is filed pursuant to Fed. R. Civ. P. 12(b)(1) [lack of subject matter jurisdiction], (6) [failure to state a claim] and 56(b), the standards for the granting of which are well-established. *See Hamilton v Segue Software, Inc., 232 F.3d 473, 477 (5th Cir. 2000)* (citing *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986)); *Wallace v. Texas Tech University*, 80 F.3d 1042, 1047 (5th Cir. 1996). Once a defendant has made a requisite showing regarding the lack of any triable issues of fact and the legal insufficiency(ies) of the plaintiff's claim, the burden is on the plaintiff to demonstrate substantive reasons why the summary judgment should not be granted. *Id.*

**Analysis**

While Fowler has technically "responded" to the Government's motion to dismiss or, in the alternative, for summary judgment, he has done so neither by alleging any disputed fact issues with respect to the bases for the Government's motion (failure to file an administrative tort claim, statute of limitations for presenting such a tort claim, and the "intentional tort" exception to the FTCA), nor by raising any legal arguments that refute the legal arguments presented in the Government's motion. *See* Docket Entry # 7, at 3-4. For all intents and purposes, the Government's motion stands unopposed. And the Government is correct in its legal position that a plaintiff pursuing a tort claim against the United States in court must demonstrate having first presented an administrative tort claim, filed within two (2)

3

years of the accrual of the claim (28 U.S.C. §§ 2675(a), 2401(b)), with recognition that the Government has not waived its immunity from suit on claims arising out of libel and slander. 28 U.S.C. § 2680(h). Since the United States is correct on the law, and Fowler does not dispute that he currently has no viable suit against the United States based on the law as cited, the United States' motion to dismiss, or in the alternative for summary judgment, should be granted, for the reason that Fowler has failed to first present an administrative tort claim to the United States as a prerequisite to his maintenance of the instant suit. 28 U.S.C. § 2675(a); *see McNeil v. United States*, 508 U.S. 106 (1993).[4]

It is of no moment in ruling on the Government's motion to dismiss that Fowler *wants* his lawsuit to be against Gonzalez, individually, and *not* the Government. Whether Fowler agrees or not, as it now stands, the Government *is* the defendant in lieu of Gonzales by operation of law by virtue of the Government's certification of scope of employment of Gonzales under 28 U.S.C. § 2679(d)(2), as confirmed by the District Court's June 6, 2007 Order on the substitution. Docket Entry # 11; *see Haley v. Osborn*, ___ U.S.___, ___, 127 S. Ct. 881, 900 (2007) (upon certification the action is "deemed" brought against the United States). A plaintiff's only recourse is to seek a resubstitution of the individual federal employee as a defendant by persuading the district court on motion, as a matter of proven fact, and not simply by way of allegation, that the Attorney General's certification was incorrect. *Id.* at 888 (factual determination required), 894 (post-removal resubstitution required).[5] Fowler has not done so

---

[4] At this juncture of the proceedings, the sole basis for dismissal would appear to be Fowler's failure to have first presented an administrative claim under 28 U.S.C. § 2675(a). It is premature to address whether such an administrative claim, if and when presented by Fowler to the Government, would be time-barred under 28 U.S.C. § 2401(b), given the special limitations provisions of 28 U.S.C. § 2679(d)(5), or whether any subsequent suit against the United States based upon such an administrative claim would be barred by 28 U.S.C. § 2680(h).

[5]**See e.g.**, **Schiefer v. United States**, 2007 WL 1391391 (S. D. Ga. 2007) (on motion to reconsider substitution and after evidentiary hearing, Court concluded that conduct of one of seven individual federal employees was outside of scope, sustained plaintiff's objection to certification and

in this case.

### Jurisdiction over the Remaining State Law Claims Against Sanchez

Once the United States is dismissed from the case, there remains only Fowler's state law defamation claims against defendant Sandra Sanchez, placing the case in the exact same posture where it was in state court prior to the filing by Fowler of his second amended original petition adding Gerardo Gonzales as a defendant, thereby precipitating the removal of the case to federal district court at the behest of the United States and its substitution for Gonzales as a party defendant. Having recommended dismissal of plaintiff's claim against the United States, the Court must consider whether further consideration of the remaining state claims by this Court is appropriate. While the Court has jurisdiction over these claims, the exercise of pendent jurisdiction is always discretionary.[6] As articulated by the United States Supreme Court in *United Mine Workers of America v. Gibbs,*[7] the doctrine of pendent or supplemental jurisdiction is a doctrine of flexibility, designed to allow "courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values."[8] Accordingly, the United States Supreme Court has indicated that the exercise of the district courts' discretion should involve "considerations of judicial economy, convenience and fairness to litigants" and "[n]eedless decisions of state law should be avoided both as a matter of comity and to

---

vacated substitution as to that employee).

[6] **See United Mine Workers of America v. Gibbs**, 383 U.S. 715, 726 (1966); **Noble v. White**, 996 F.2d 797, 799 (5th Cir.1993); **Evans v. City of Dallas**, 861 F.2d 846 (5th Cir. 1988); **Laird v. Board of Trustees of Institutions of Higher Learning of State of Mississippi**, 721 F.2d 529 (5th Cir. 1983); **City of Chicago v. International College of Surgeons**, 522 U.S. 156 (1997).

[7] 383 U.S. 715, 726 (1966).

[8] **Id.** at 726-27.  **See also Carnegie-Mellon University v. Cohill**, 484 U.S. 343, 350 (1988) (discussing pendent claims removed to federal court).

promote justice between the parties."[9]

The supplemental jurisdiction statute codifies these principles. After establishing that supplemental jurisdiction encompasses "other claims" in the same case or controversy as a claim within the district courts' original jurisdiction, 28 U.S.C. § 1367(a), the statute confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts may refuse its exercise:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[10]

In this regard, the United States Supreme Court in *City of Chicago v. International College of Surgeons* held that federal courts may decline to exercise jurisdiction over supplemental state law claims "*[d]epending on a host of factors* ... including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims."[11] The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every state

---

[9] **Cohill**, 484 U.S. at 357; and **City of Chicago**, 522 U.S. at 169-70. **See also Engstrom v. First National Bank of Eagle Lake**, 47 F.3d 1459, 1465 (5th Cir.1995) (affirming remand of state law claims after federal claims were dismissed).

[10] 28 U.S.C. §1367(c).

[11] **City of Chicago**, 522 U.S. at 172-74 (Emphasis added).

of the litigation, the values of judicial economy, convenience, fairness, and comity.'"[12]

In this case, three factors govern this court's exercise of discretion. First, if the District Court adopts my recommendation, the claim against the sole federal defendant which supports supplemental jurisdiction over the remaining state law claims, will be dismissed. Secondly, there has been substantially no briefing on the state law claims since removal; the bulk of the federal proceedings have involved the propriety of removal and remand, as well as the instant motion to dismiss/summary judgment, so no investment of federal judicial resources will be wasted by a remand. Finally, the interests of comity between the state and federal systems favor resolution of plaintiff's state claims in a state court. Accordingly, I recommend that the Court enter an Order remanding plaintiff's state law claims to that forum, pursuant to 28 U.S.C. § 1447(c).

## Recommendation

Because the United States has been substituted for Gerardo Gonzales as a party defendant in this lawsuit pursuant to 28 U.S.C. § 2679(d)(2), and because the plaintiff's lawsuit cannot proceed against the United States due to plaintiff's failure to have first presented an administrative tort claim to the Government as required by 28 U.S.C. § 2675(a) as a jurisdictional prerequisite to any such suit against the Government, the United States' motion to dismiss, or in the alternative, for summary judgment (Docket Entry # 5) should be GRANTED. Once the United States is dismissed as a defendant to the lawsuit, the remaining state law defamation suit against Sandra Sanchez should be remanded to the state court from which it was originally removed by the Government.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this memorandum and recommendation

---

[12] **Cohill**, 484 U.S. at 350.

7

on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[13]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[14]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[15]

**SIGNED** on July 2, 2007.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[13] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[14] **Thomas v. Arn**, 474 U.S. 140, 149-52 (1985); **Acuña v. Brown & Root, Inc.**, 200 F.3d 335, 340 (5th Cir. 2000).

[15] **Douglass v. United Servs. Auto. Ass'n**, 79 F.3d 1415, 1428-29 (5th Cir. 1996).